**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUDE L. JAMES,
<u>Plaintiff-Appellant,</u>

v.

INTERNATIONAL PAPER COMPANY,
<u>Defendant-Appellee,</u>                                                      <u>No. 99-2681</u>

and

INTERNATIONAL PAPER COMPANY,
INCORPORATED,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-424-AMD)

Submitted: May 16, 2000

Decided: May 26, 2000

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jude L. James, Appellant Pro Se. Robert Ross Niccolini, MCGUIRE,
WOODS, BATTLE & BOOTH, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jude L. James filed this action in district court, alleging discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (1994). James, who was born in Guyana, is an employee of the International Paper Company (International). In 1998, he applied for an opening as a schedule clerk working from 12 AM to 8 AM. The position required a self-directed and highly motivated individual, as the schedule clerk worked nights with no direct supervision.

Francis Bowles was responsible for filling the vacancy. He deputized Reggie Collier to pre-screen applicants. However, Bowles spoke directly to James's supervisor, who told him that James was not a "go getter," but did just what was necessary to get by on the job. Bowles stated in his deposition that, based on this statement, he decided not to call James for a second interview. After this decision was made, according to another employee, Collier stated that while James might be qualified for the job, "[I can't] understand a damn thing he says." There is no evidence that Bowles was aware of the statement or ever said anything to suggest that he possessed a similar attitude. However, based on Collier's statement, James asserts that the company's decision not to promote him was based on discrimination because of his national origin. International denies the allegation.

We review a grant of summary judgment de novo. See Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). To establish a prima facie case of discrimination in a failure-to-promote claim, a plaintiff must show: (1) he was a member of a protected class; (2) he applied for an open position; (3) he was qualified for the position; and (4) he was denied promotion under circumstances which created an inference of unlawful discrimination. The district court held here that James was not qualified for the position, as he was not

2

highly motivated. Even if we assume that he was qualified, International has asserted a legitimate, non-discriminatory reason for its failure to promote him, in that Bowles did not receive a positive recommendation from James's supervisor. There is no evidence that this reason was pretextual. See Gillins v. Berkeley Elec. Coop., Inc., 148 F.3d 413, 415-16 (4th Cir. 1998).

We therefore affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3